{¶ 50} I concur in judgment and opinion with the following thoughts. Although appellants did object to the jury charge on fraud, they did not object to the admission of evidence that related to the claimed fraud. At some point during the trial, the trial judge had to realize that there was a considerable amount of irrelevant and potentially prejudicial evidence before the jury. If the jury were left without guidance regarding what to do with this evidence, there was no telling how the jurors would use it in reference to the question of whether there was a contract. Further, the decision to give the instruction was given after the close of the evidence. There was, therefore, no chance for appellants to adjust to and address the change in direction.
 {¶ 51} Because fraud had actually been pled, this was not an issue of amending the pleadings to conform to the evidence per Civ.R. 15(A). Instead, it was the trial court's directive to the parties that the issue would be tried later that was the sticking point. It was the classic rock and a hard place for a trial judge. No matter what he chose to do at that point, it was going to be appealed.
 {¶ 52} I, therefore, agree with the majority because it is impossible to determine the extent to which appellants were prejudiced in their defense.